UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARKIES LYNCOIA SAVAGE,

    Plaintiff,

v.                      Case No. 3:22cv18744-LC-HTC

ESCAMBIA COUNTY CORRECTION DEPARTMENT,
and BOARD OF COUNTY COMMISSIONERS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983 relating to the conditions of confinement at the Escambia County Jail (the "Jail"). ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). As set forth below, Plaintiff's complaint is subject to dismissal based on Plaintiff's failure to comply with Court orders and his failure to prosecute.

On September 28, 2022, the Court ordered Plaintiff to pay an initial partial filing fee of $48.33 within twenty-one (21) days. ECF Doc. 4. The Court also advised Plaintiff that his failure to submit the fee could result in a recommendation

that this case be dismissed. *Id*. On September 29, 2022, the Court received notice from Plaintiff (sent September 26, 2022) that he had moved to a detention center in Mississippi. ECF Doc. 5. The clerk then remailed the September 28 order to Plaintiff at the Mississippi address on September 30. ECF Doc. 6. That remailing has *not* been returned undeliverable. Twenty-one (21) days passed since that remailing, and, when Plaintiff had not paid the initial partial filing fee by October 26, the Court ordered him to show cause by November 9, 2022, why the case should not be dismissed. ECF Doc. 9. Plaintiff did not respond to the October 26 Order.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Thus, dismissal is appropriate here because Plaintiff has not paid the initial partial filing fee.

Indeed, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R.

Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Although under the Prison Litigation Reform Act a prisoner shall not be prohibited from bringing a civil action simply because he has no assets and no means by which to pay the initial partial filing fee, 28 U.S.C. § 1915(b)(4), that is not why Plaintiff's case is being dismissed.  Instead, Plaintiff's case is being dismissed because he has chosen not to comply with the Court's orders.  At no point does Plaintiff even allege that he has sought to have the funds withdrawn from the institution or otherwise paid.  Moreover, this Court has been more than lenient in the amount of time the Court has given Plaintiff to pay the partial filing fee.  Dismissal under these circumstances is appropriate.  *See, e.g., Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) ("Because Frith did not respond despite two warnings from the court that a failure to comply could result in the dismissal of his complaint, the district court properly exercised its discretion in dismissing the complaint.").  As the Eleventh Circuit has stated, a "district court need not tolerate defiance of reasonable

Case No. 3:22cv18744-LC-HTC

orders." *Brown v. Blackwater River Corr. Facility,* 762 F. App'x 982, 985 (11th Cir. 2019) (affirming dismissal for failure to pay the partial filing fee despite show cause orders) (citing *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F. 3d 1232, 1241 (11th Cir. 2009)).

Accordingly, it is respectfully RECOMMENDED:

1.   This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2.   The clerk be directed to close the file.

At Pensacola, Florida, this 16th day of November, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.